IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>U.S. MEDICAL STAFFING, INC., and ERIC E. MATZKIN,<br>Defendants. | Civil Action No.   2:22-cv-3540<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin U.S. Medical Staffing, Inc., a Pennsylvania corporation, and Eric E. Matzkin, individually and as president, owner, and manager of the aforementioned company, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant U.S. Medical Staffing, Inc. ("U.S. Medical") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. U.S. Medical's principal place of business is 1420 Walnut Street, Suite 1350, Philadelphia, Pennsylvania, within the jurisdiction

of this Court.

3. Defendant Eric E. Matzkin is the corporate president, owner, and a manager of U.S. Medical. Mr. Matzkin directed employment practices and has directly or indirectly acted in the interest of U.S. Medical in relation to its employees at all relevant times herein, including interviewing, hiring, and setting pay rates for employees, and setting the conditions of employment for employees.

4. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such medical equipment, gloves, and cleaning supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5. U.S. Medical worked as a staffing agency, sending its employees to client agencies such as schools, group homes, and treatment centers that serve individuals with various mental and/or physical disabilities. The employees provided a broad variety of services, ranging from direct care to skilled nursing services.

6. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates.

Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

7. For example, during the time period from at least September 24, 2017 through at least May 22, 2022, Defendants failed to compensate certain of their employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, in multiple workweeks, these employees worked at least one hour in excess of forty per workweek. These workers were Defendants' employees because, for example, Defendants recruited the workers, hired them, and set their rate of pay. Defendants also issued W-2 forms to some of the workers. Defendants nevertheless failed to pay them the required overtime premium.

8. Defendants' payroll records show that they paid employees at established regular hourly rates, known as straight time rates, for all hours worked. The records show that Defendants did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

9. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants paid employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

10. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

11.     For example, due to their practice of paying straight time compensation for overtime hours worked, Defendants failed to keep and preserve payroll records for employees for at least three years that reflected the employees' total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least September 24, 2017 through at least May 22, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 22, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees;

(4)    In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5128 (voice)<br>(215) 861-5162 (fax) | */s/ Andrea Luby*<br>By: Andrea Luby<br>PA ID # 321609 |
| luby.andrea@dol.gov | Attorneys for Plaintiff |
| Date: September 2, 2022 | |